UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CLIFFORD ROME,

    Plaintiff,

  v.

RICHARD A. LeMIEUX, SHERRIE LeMIEUX, et ux, GEORGE HUSTON, JANICE HUSTON, et ux, LARRY CLARK, and MARY S. CLARK, et ux,

    Defendants.

CASE NO. C04-2034C

ORDER

This matter comes before the Court on Plaintiff's Motion for Leave to File First Amended Complaint (Dkt. No. 23). The Court has considered the papers submitted by the parties and hereby finds and rules as follows.

This action arises from the sale and purchase of Plaintiff's stock in Northern Marine, Inc. ("NMI"), a builder of luxury yachts located in Anacortes, Washington. Plaintiff's complaint contains claims for breach of contract, fraud, breach of fiduciary and statutory duties by directors and/or officers of NMI, and violation of the Washington Securities Act, among other causes of action. Originally Plaintiff named NMI's directors, officers and managerial employees in his suit. Now he seeks to add NMI itself as an additional defendant in this action.

ORDER – 1

Leave to amend shall be freely granted when justice so requires. Fed. R. Civ. P. 15(a). The grant or denial of an opportunity to amend is within the discretion of the district court. *Davis v. Foman*, 371 U.S. 178, 182 (1962). The leave sought should be granted absent undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, or futility of amendment. *Id.*

Defendants have not demonstrated undue delay, prejudice, or bad faith sufficient to warrant a denial of leave to amend. Plaintiff seeks to amend his Complaint prior to the deadline set by the Court for amendment of the pleadings or addition of parties. Because the case is still in the discovery stage with trial set for May 2006, there is no evidence that Defendants will be prejudiced by the timing of this proposed amendment. Plaintiff's slight delay in seeking to add NMI as a defendant stands in contrast to cases where courts have denied leave to amend because of the prejudice resulting from reopening discovery and altering the nature of the case at the eleventh hour. *See, e.g., Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (denying leave to amend where amendment would require reopening discovery and therefore delay the proceedings); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (denying leave to amend where amendment would have radically shifted the nature of the case, added defendants, and been made after "inordinate delay").

Moreover, Defendants have not convinced the Court of the futility of Plaintiff's proposed addition of NMI as a defendant. At the pleading stage, the party opposing amendment faces a heavy burden to show that there are no factual circumstances under which the proposed amendment could be supported. *Miller v. Rykoff-Sesxton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). In the course of this litigation, Defendants may ultimately be able to prove, based on their proffered version of the facts, that they are not liable for the alleged offenses. However, Plaintiff may also be able to prove that the transaction at issue was a stock transaction governed by the Washington Securities Act, that NMI perpetrated some fraud or material misrepresentation in the disclosure of information related to the transaction, and thus that Plaintiff has a valid claim against NMI in addition to the previously named Defendants. Making no determination on the factual allegations advanced by either party, the Court finds that Plaintiff's proposed

ORDER – 2

1    amendment has sufficient merit to justify granting leave to amend at this early stage of litigation.

2    The Court hereby GRANTS Plaintiff leave to amend his Complaint. Counsel are directed to e-file

3    Plaintiff's First Amended Complaint, attached as Exhibit A to the Motion for Leave to Amend.

4    SO ORDERED this   11th   day of July, 2005.

*[signature]*

UNITED STATES DISTRICT JUDGE

ORDER – 3